STATE OF WEST VIRGINIA

**FILED**

February 19, 2021
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 19-0039** (BOR Appeal No. 2053200)
                    (Claim No. 2013017957)

**THOMAS BANDY,**
**Claimant Below, Respondent**

# MEMORANDUM DECISION

Petitioner Murray American Energy, Inc., by counsel Denise D. Pentino and Aimee M. Stern, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). A response was not filed by Mr. Bandy.

The issue on appeal is medical treatment. The claims administrator denied a referral for Mr. Bandy to see a chiropractor on February 6, 2018. On July 25, 2018, the Workers' Compensation Office of Judges ("Office of Judges") reversed the Order of the claims administrator and authorized Mr. Bandy's referral to a chiropractor. This appeal arises from the Board of Review's Order dated December 21, 2018, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bandy was injured on January 9, 2013, while working at Consol Energy's Shoemaker Mine (now Murray American Energy, Inc.'s Ohio County Mine). He sought treatment at Wheeling Hospital, where he reported that a large rock fell on him, causing left leg and elbow pain. He was diagnosed with a left tibia-fibula fracture and left arm abrasion. A Report of Injury form was filed with the Wheeling Hospital staff listing the compensable diagnosis as left tibia-fibula fracture.

By Order dated January 15, 2013, the claims administrator held the claim compensable for fracture of tibia/fibula, unspecified part, closed. The following additional physical diagnoses were subsequently added to this claim as compensable conditions: lumbosacral sprain, sprains and strains of the shoulder and upper arm, disc displacement NOS, non-union of fracture, foot sprain, plantar fascial fibromatosis, injury to other specified nerves, an injury to the peroneal nerve, and

an injury to the cutaneous sensory nerve of the lower limb. Mr. Bandy underwent surgery on January 10, 2013, to repair his tibial fracture. A second surgery was performed on November 27, 2013, which consisted of arthroscopic revision of open reduction and internal fixation of fibular non-union with bone grafting and excision of left foot plantar fibroma.

Physical therapy was authorized in the claim, and by July 16, 2013, Mr. Bandy had undergone more than fifty physical therapy sessions at Ryan Ferns Healthplex. Approximately thirty six additional weeks of physical therapy was subsequently authorized through May of 2014. Eight weeks of work conditioning was approved as part of Mr. Bandy's vocational rehabilitation by Order of the claims administrator dated October 3, 2014.

Bruce A. Guberman, M.D., authored an independent medical evaluation report dated August 6, 2015. During the examination, Mr. Bandy reported that he had constant pain in his left shoulder. He had intermittent numbness and tingling in the ring and little fingers of the left hand. He had persistent winging of the scapula on the left side. He also had pain in his left knee. Dr. Guberman recommended 14% upper extremity or 8% whole man impairment for the left shoulder; 7% whole man impairment; and 8% whole man impairment for the lumbar spine. The impairment ratings combined for 23% whole person impairment. Dr. Guberman noted that Mr. Bandy had already received 10% whole man impairment in the claim. Mr. Bandy also stated that he did not feel that he could return to his prior employment, but he had now started work as a tractor-trailer driver.

In a report dated July 14, 2016, Joseph Grady II, M.D., found Mr. Bandy to be at maximum medical improvement for his physical injuries with no additional treatment needed. He found 8% impairment for the lumbar injury; 8% for the left leg based upon atrophy and scarring, and 6% for the left upper extremity, for a total of 20% whole person impairment. The 20% impairment represented an additional 10% above what Mr. Bandy was previously awarded.

Office records from Mr. Bandy's treating physician, David M. Nally, M.D., dated May 9, 2017, August 11, 2017, and August 14, 2017, noted that Mr. Bandy was experiencing low back pain which went down to his left leg and toes. He was having problems walking and sleeping. On August 11, 2017, approval was requested for an ankle brace. Dr. Nally would request a back brace on December 21, 2017. On January 2, 2018, the claims administrator approved authorization for a back brace based on Dr. Nally's request.

On January 26, 2018, Dr. Nally requested a referral for Mr. Bandy to see Duane Miller, D.C., a chiropractor, due to back and left shoulder pain. The claims administrator denied Dr. Nally's request for authorization for referral to Dr. Miller on February 6, 2018. The basis of the Order was that no medical information was submitted to support the request and chiropractic treatment for the injury exceeded the guidelines. Mr. Bandy protested the claims administrator's Order.

During the protest of the claims administrator's Order, Mr. Bandy argued that although the claims administrator denied the request for a chiropractic referral on the basis that the treatment exceeded the guidelines, the Order did not identify the specific guidelines. He also argued that he

was not given notice of the reason for the denial as mandated by West Virginia Code § 23-5-1.[1] The Petitioner argued that Dr. Nally provided no explanation for the basis of his chiropractic referral, and the request was insufficient to justify classification of the claim as an extraordinary case which would warrant deviation from the treatment guidelines.

On July 25, 2018, the Office of Judges reversed the claims administrator's Order of February 6, 2018, and approved the request for a referral to Dr. Miller, a chiropractor. The Office of Judges stated that the evidence would probably indicate that Mr. Bandy's past physical therapy treatments did exceed the treatment guidelines. However, the Office of Judges reasoned that the excessive treatments were authorized likely due to the serious nature of the compensable injury and that West Virginia Code of State Rules § 85-20-4.1 allows for additional treatment to be authorized in extraordinary cases. Due to the nature of his injuries and treatment, Mr. Bandy's case was deemed an extraordinary case by the Office of Judges, which are not subject to the limitations provided in West Virginia Code of State Rules § 85-20-46 for a chiropractic referral. Because Dr. Nally requested a referral to Dr. Miller in consideration of Mr. Bandy's numerous modalities, the Office of Judges concluded that the request was proper as it was for a referral rather than treatment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the Order on December 21, 2018.

After review, we agree with the conclusions of the Office of Judges, as affirmed by the Board of Review. The medical record indicates that Mr. Bandy suffers from chronic pain which is a complex problem that involves physical, emotional and behavioral components. The record also demonstrates that past physical therapy treatment was authorized likely due to the serious nature of his compensable injuries. Because the Office of Judges determined that Mr. Bandy's case is an "extraordinary case", Dr. Nally's request for a referral to Dr. Miller, a chiropractor, was properly authorized.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 19, 2021**

**CONCURRED IN BY:**

---

[1] West Virginia Code § 23-5-1(a) requires a claims administrator to "promptly send the decision to all parties, including the basis for the decision." Further, under West Virginia Code of State Rules § 85-1-7, the responsible party (meaning the private carrier or self-insured employer) is required to make its decision known to all parties by issuance of a written notice which sets forth "the decision and the basis thereof."

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton